IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 1:12-CR-00200-AT-JFK |
| DWAYNE FIELDS (1),<br>NIQUA BROWN (4),<br>DELVIN XAVIER SLOAN (5),<br>KENNETH PORTER (6), | |
| Defendants.[1] | |

## **REPORT AND RECOMMENDATION**

Counsel for the Defendant **Delvin Xavier Sloan** and counsel for Defendant **Kenneth Porter** have reported to the Magistrate Judge that there is no need for a pretrial conference; that no pretrial motions were filed; and that there are no problems relating to the scheduling of the trial for Defendants. And at the pre-trial conference on August 14, 2012, Defendant **Niqua Brown's** Motion [Doc. 50] to Allow

---

[1]The court has been advised that Defendant **Khalif Jackson** and Defendant **Keilen Adrine** remain fugitives and that the Government is still uncertain as to when Defendant **Mosezell Kelly** will be brought before the court on a writ for arraignment.

Participation in Voir Dire and Motion [Doc. 68] to Suppress Statements were deferred to the Trial Court.[2]

Still pending before the court is Defendant **Niqua Brown's** motion [Doc. 67] for severance pursuant to Fed. R. Civ. P. 14, which the court took under advisement. Defendant contends that Counts Two, Three, Four, Eight, Ten and Eleven of the superseding indictment should be severed from the trial of the remaining counts alleging that the introduction of evidence pertaining to those counts, naming only one or more of his co-Defendants but not him, will unduly prejudice him at a joint trial. [Id.]. The Government opposes the motion for severance contending that joinder is proper under Fed. R. Civ. P. 8 and that a severance is not warranted under Rule 14.[3] [Doc. 73]. After consideration of the facts and arguments of the parties, the court recommends that Defendant's motion be denied.

---

[2]The court granted Defendant Dwayne Fields' Motions [Docs. 24, 63] for Bill of Particulars and granted Defendant Niqua Brown's Motion [Doc. 66] for Bill of Particulars.

[3]Although the Government states that Defendant's motion for severance is based on both Rule 8 and Rule 14 [Doc. 73 at 1, 4-5], the court does not find that Defendant is alleging improper joinder of Defendants or Counts under Rule 8. He only argues that the identified counts should be severed because introduction of the evidence against Defendants named in those counts will be unduly prejudicial - an argument made in support of Rule 14 severance [Doc. 67]. The court will not address whether joinder is proper under Rule 8.

2

**I.     Facts**

Defendant Brown is named in an eleven count superseding indictment with six named co-Defendants. All Defendants are named in Count One which alleges a violation of 18 U.S.C. § 922(a)(1)(A), that is, aiding and abetting one another by engaging in the business of dealing in firearms without a license. [Doc. 28]. Counts Two and Three name co-Defendant Khalif Jackson with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and Count Four names co-Defendant Mosezell Kelly with being in possession of a firearm while under indictment for a felony offense in violation of 18 U.S.C. § 922(n). [Id.]. Count Five names co-Defendant Dwayne Fields with making false material statements to a federal firearms licensee in connection with the purchase of firearms in violation of 18 U.S.C. § 924(a)(1)(A), and Defendant Fields is also named in Count Six with possessing a stolen firearm in violation of 18 U.S.C. § 922(j). [Id.]. Count Seven names Defendant Brown with co-Defendant Fields with possessing a short-barreled rifle, which had not been properly registered, in violation of 26 U.S.C. §§ 5841, 5845(a)(2), 5861(d) and 5871. [Id.]. Count Eight charges co-Defendant Keilen Adrine with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Id.]. Co-Defendant Kenneth Porter is charged in Count Nine with possession of a stolen firearm in

violation of 18 U.S.C. § 922(j) and in Count Ten with being a felon in possession of a firearm in violation of § 922(g)(1). Finally, co-Defendant Porter is charged in Count Eleven with possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841. [Id.].

## II. Discussion

Defendant Brown contends that a severance of Counts Two, Three, Four, Eight, Ten and Eleven should be granted arguing that the evidence to be introduced against his co-Defendants to prove those counts, which is not admissible against him, will be unduly prejudicial. With respect to Counts Two, Three, Four, Eight and Ten, charging some of his co-Defendants with being felons in possession of firearms or being under indictment while in possession of firearms, Defendant contends that evidence of these Defendants' past crimes, not admissible against Defendant, "will result in undue and incurable prejudice to" Defendant and would "undermine the 'reliab[ility of a] judgment about the guilt or innocence'" of Defendant "despite the giving of limiting instructions." [Doc. 67 at 5 (citations omitted)]. Defendant makes the same contentions about the evidence to be introduced concerning the drug offense charged in Count Eleven against co-Defendant Porter. [Id.].

4

Accordingly, Defendant seeks a severance based on Fed. R. Crim. P. 14. Rule 14 states in pertinent part: "If it appears that a defendant or the government is prejudiced by a joinder of offenses . . . the court may order . . . separate trial of counts. . . ." The Eleventh Circuit Court of Appeals stated, "We have long recognized that 'a District Court confronted with a Rule 14 Motion for Severance is required to balance any . . . prejudice [to the defendants] against the interests of judicial economy, a consideration involving substantial discretion.'" United States v. Blankenship, 382 F.3d 1110, 1120 (11th Cir. 2004) (citation omitted). To justify severance, a defendant must show compelling prejudice to the conduct of his or her defense resulting in fundamental unfairness. See United States v. Baker, 432 F.3d 1189, 1236 (11th Cir. 2005); United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997). "'This is a heavy burden, and one which mere conclusory allegations cannot carry.'" United States v. Walser, 3 F.3d 380, 386 (11th Cir. 1993) (quoting United States v. Hogan, 986 F.2d 1364, 1375 (11th Cir. 1993)); see also United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007).

In order to establish that severance of counts is mandated pursuant to Rule 14, Defendant must not only show specific prejudice but also that "'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or

5

prevent the jury from making a reliable judgment about guilt or innocence.'" Blankenship, 382 F.3d at 1123 (citation omitted). Additionally, Defendant must demonstrate "that a severance is the only proper remedy for that prejudice - jury instructions or some other remedy short of severance will not work." United States v. Lopez, 649 F.3d 1222, 1234 (11th Cir. 2011) ("Because limiting instructions usually will cure any prejudice resulting from a joint trial, . . . the Supreme Court has indicated that severances need be granted only if there is a serious risk that a joint trial would either 'compromise a specific trial right of one of the defendants' or 'prevent the jury from making a reliable judgment about guilt or innocence' even if limiting instructions are given.") (citation omitted). Defendant does not present any argument that a specific trial right would be compromised by the joint trial in this case. [Doc. 67].

The second category mandating a severance, that is, preventing the jury from making a reliable judgment, applies generally to three situations. "First, severance is mandated where compelling evidence that is not admissible against one or more of the co-defendants is to be introduced against another co-defendant." Blankenship, 382 F.3d at 1123. However, this situation does not involve the mere disparity in the quality or amount of evidence introduced against one or more defendants and only applies where there is a minimal chance that limiting instructions will provide adequate relief.

6

See Baker, 432 F.3d at 1236 (holding that "a defendant does not suffer 'compelling prejudice simply because much of the evidence at trial is applicable only to his codefendants,' . . . even when the disparity is 'enormous'") (quoting Schlei, 122 F.3d at 984). Severance is also mandated upon a showing of prejudice "in an extremely narrow range of cases in which the sheer number of defendants and charges with different standards of proof and culpability, along with the massive volume of evidence, makes it nearly impossible for a jury to juggle everything properly and assess the guilt or innocence of each defendant independently." Blankenship, 382 F.3d at 1124. And, "[f]inally, severance is required . . . where one defendant is being charged with a crime that, while somehow related to the other defendants or their overall criminal scheme, is significantly different from those of the other defendants." Id. at 1125. Defendant apparently relies on the first situation, that is, he alleges that evidence introduced against his co-Defendants regarding their past criminal offenses in support of the felon in possession charges and involving the charged drug offense, which is not admissible against him, "will result in undue and incurable prejudice to" Defendant and would "undermine the 'reliab[ility of a] judgment about the guilt or innocence'" of Defendant "despite the giving of limiting instructions." [Doc. 67 at 5 (citations omitted)]. Defendant offers no specific reasons why, in this case, actual

7

prejudice will be the result of a joint trial or why, under the facts herein, limiting instructions are not adequate. [Doc. 67]. These general and conclusory allegations do not carry Defendant's burden to establish compelling prejudice nor come close to demonstrating that the trial court's limiting instructions will not cure any potential prejudice.

The former Fifth Circuit Court of Appeals has considered and rejected the same argument made by Defendant Brown in this case. In United States v. Davis, 546 F.2d 617 (5th Cir. 1977), the defendants contended "that they were prejudiced by the admission of the prior importation schemes of" a co-defendant. Id. at 620. The court, rejecting the defendants' conclusory claim of prejudice, stated, "Our court has held that the admission of past misconduct of some defendants does not dictate a severance to protect the other co-defendants from an inference of guilt by association." Id. (citing United States v. Perez, 489 F.2d 51, 67 (5th Cir. 1973) ("It is further asserted by some appellants that the criminal records of their co-defendants below were prejudicial to their defense and should have been sufficient to warrant a severance. Similar grounds have generally been rejected. . . . These grounds have been held insufficient even if the prior convictions were for similar offenses.")); accord United States v. Walton, 2011 WL 3665145, at *5 (E.D. La. August 19, 2011) ("the Fifth Circuit has stated that,

AO 72A
(Rev.8/82)

'evidence of the reputation or past crimes of one co-defendant, although clearly inadmissible against the other co-defendants, does not ordinarily justify severance'") (quoting United States v. Rocha, 916 F.2d 219, 228 (5th Cir. 1990)); United States v. Brown, 894 F. Supp. 1150, 1157 (N.D. Ill. 1995) ("Severance is not required . . . when the prosecution introduces evidence of a co-defendant's past criminal record unless the defendant can show that actual prejudice will result."). "Rather[, the court has] relied on careful instructions at the time such evidence is admitted to protect co-defendants in a . . . trial from the risk of guilt transference." Davis, 546 F.2d at 620; see also United States v. Ramirez, 426 F.3d 1344, 1352 (11th Cir. 2005) ("Ramirez did not meet his burden to show compelling prejudice that the judge's first limiting instruction to the jury, regarding the evidence of [co-defendant] Quinones's prior acts and their lack of relevance to Ramirez, was ineffectual or that the jury could not make an individualized determination as to his guilt or innocence.").

The superseding indictment in this case is not nearly so complex, nor the charges so complicated, nor the evidence of the prior criminal conduct by other co-Defendants or drug offense by co-Defendant Porter so confusing, that with proper jury instructions, the jury will not be able "to sort through the evidence and issues and reliably determine the guilt or innocence of [Defendant Brown] on each charge" based

9

solely on the evidence admissible against that Defendant. Lopez, 649 F.3d at 1235; see also Walton, 2011 WL 3665145, at *5 ("Since there is no reason to believe that a jury would be unable to separate the evidence relevant to each defendant after hearing an appropriate limiting instruction, [the defendant] would suffer no more prejudice than that which necessarily inheres whenever multiple defendants or multiple charges are jointly tried.") (citations and internal quotation marks omitted)). Defendant Brown has not established that a severance is required based on his conclusory claims of prejudice.

## III. Conclusion

For these reasons, the court **RECOMMENDS** that Defendant Brown's motion [Doc. 67] for severance be **DENIED**.

There are no other pending matters before the Magistrate Judge regarding Defendants Fields, Brown, Sloan and Porter, and the undersigned is aware of no problems relating to the scheduling of this case against Defendants.

**IT IS THEREFORE ORDERED and ADJUDGED** that this action against Defendants be, and the same is hereby, declared Ready for Trial.

AO 72A
(Rev.8/82)

**SO RECOMMENDED AND ORDERED**, this 25th day of September, 2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE