**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KENNETH PORTER, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:12-CR-0200-AT-JFK-6 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:16-CV-3635-AT-JFK |

**<u>UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION</u>**

Movant, Kenneth Porter, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his conviction and sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate [320] and Respondent's answer-response [324]. For the reasons discussed below, it is recommended that Movant's § 2255 motion and a certificate of appealability (COA) be denied.

**I.  Discussion**

The grand jury sitting in the Northern District of Georgia indicted Movant on four counts: count one, dealing with firearms without a licence, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 2; count nine, possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2); count ten, possession of a firearm as a convicted

felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e);[1] and count eleven, a drug crime. (Superseding Indictment, ECF No. 28). Movant pleaded guilty to counts one, nine, and ten. (Plea with Counsel, ECF No. 178-1). The Court imposed on Movant a total 180-month term of imprisonment, entered on January 16, 2014. (J., ECF NO. 241). On April 24, 2015, the United States Court of Appeals affirmed the judgment against Movant. (USCA Op., ECF No. 298). On October 5, 2015, the United States Supreme Court denied *certiorari*. Porter v. United States, No. 15-5021 (U.S. Oct. 5, 2015).

Movant now raises a collateral challenge to his convictions and sentences. (Mot. to Vacate, ECF No. 320). Movant asserts (1) that counsel was deficient for failing to convey the government's case against him, investigate and advise Movant in regard to his prior convictions and an ACCA enhancement, and advise Movant that rejecting the government's ten-year plea offer would result in his being subject to an ACCA enhancement and (2) that had counsel not been deficient he would have accepted the

---

[1] The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), dictates the imposition of no less than fifteen years if a person who violates § 922(g) has three prior convictions for a violent felony or a serious drug offense, or both, committed on different occasions.

2

ten-year plea offer.² (Mot. to Vacate at 5). Movant asserts that under Lafler v. Cooper, 566 U.S. 156 (2012), he should be re-sentenced to a lower prison term. (Mot. to Vacate at 6).

## II.  28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief, however, is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015), cert. denied, _ U.S. _, 136 S. Ct. 267 (2015).

---

²The undersigned discusses the sealed portions of the record in this action that are relevant to Movant's claims that he received ineffective assistance. See Johnson v. Alabama, 256 F.3d 1156, 1179 (11th Cir. 2001) ("[W]hen a habeas petitioner . . . launches an attack on the reasonableness of his attorney's strategy in conjunction with a claim of ineffective assistance of counsel, he puts at issue his communications with counsel relating to those strategic choices.").

Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). Thus, a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts. See Massaro v. United States, 538 U.S. 500, 505-09 (2003).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). A movant "must allege reasonably specific, non-conclusory facts that, if true, would entitle him to relief. . . . Otherwise, no evidentiary hearing is warranted." Georges v. United States, No. 09-20616-CR, 2012 WL 602659, at *2 (S.D. Fla. Jan. 12, 2012) (citing Aron v. United States, 291 F.3d 708, 715 n.6 (11th Cir. 2002)). No hearing is required in this case, as shown in the discussion below.

### III. Discussion

On January 11, 2013, Movant, represented by Thomas Wooldridge, was set to plead guilty to count nine, with the government recommending a ten-year sentence, the statutory maximum. (See Tr. of Jan. 11, 2013, Plea Hr'g at 3, 8, 14-15, ECF No. 276 ). At the hearing, the Court reviewed the rights that Movant would be giving up by pleading guilty, and the government reviewed the elements necessary to prove possession of a stolen firearm and the factual basis for the charge. (Id. at 6-10). The government reviewed the possible punishment, which involved a maximum ten-year term of imprisonment. (Id. at 11). The Court inquired whether Movant understood that it could impose up to the maximum term of ten years and would consider the guidelines range and his criminal history. (Id. at 12-13). Movant stated that he had understood that he was agreeing to a ten-year cap, not a mandatory ten years. (Id. at 16-17). Counsel stated that he had explained to Movant that a sentence of less than ten years was possible, but not likely. (Id. at 17). The Court encouraged counsel and Movant to discuss the issue, and after a pause in the proceedings, counsel asked for the plea hearing to be adjourned and informed the Court as follows –

> [T]he problem is that in his mind, a 10 year, it means 10 years and there's no chance. And what I've been trying to explain to him is that there is always the opportunity, with an incredible amount of cooperation, that he

5

> [could] go less than that. And Your Honor has – with a non-binding plea, has the power, if you deem it right, to go less than 10.
>
> But [Movant] . . . has four felony convictions on his record for . . . crack cocaine from many years ago. And with those convictions, he may qualify as armed career and face all sorts of heightened levels of mandatory minimum sentences. And, so, . . . he's having a hard time with the language of the plea agreement.

(Id. at 18-19). Accordingly, the hearing was adjourned. (Minute Entry, ECF No. 113).

A hearing again was set for February 5, 2013, for Movant to tender a guilty plea. (See Tr. of Feb. 5, 2013, Plea Hr'g, ECF No. 277). However, a warrant for Movant's arrest based on violation of the conditions of his bond was to be served at the conclusion of the plea hearing, and the Court gave counsel an opportunity to inform Movant in advance. (See id. at 3). After informing Movant, counsel stated to the Court that the plea hearing should be adjourned as Movant was distraught after having received the warrant for his arrest based on violation of the conditions of his bond. (Id. at 2). The hearing was adjourned. (Id. at 7-8).

A hearing again was set for February 20, 2013, for Movant to tender a guilty plea but subsequently was canceled, (Notices of 2/12/2013 and 2/20/2013), and on February 20, Movant, represented by Wooldridge, filed a motion for the appointment

of new counsel. (Mot. to Appoint New Counsel at 1-2, ECF No. 122). Therein, Wooldridge stated, among other things, that Movant had significant problems trusting and accepting counsel's advice and that Wooldridge was concerned that the breakdown in the attorney-client relationship would lead to an unduly large sentence for Movant. (Id. at 1-2). Wooldridge stated, "[t]his is so because [Movant] likely qualifies as an Armed Career Offender and is looking at a 15 year mandatory minimum if he does not take counsel's advice regarding the plea deal which is capped at 10 years." (Id. at 2). Subsequently, Ethenia F. King was appointed to represent Movant. (Order of CJA Appointment, ECF No. 134).

A hearing was set for August 13, 2013, for Movant to tender a guilty plea, represented by King. (Tr. of Aug. 13, 2013, Plea Hr'g at 3, ECF No. 285). Movant, however, informed the Court at the hearing that he had decided not to enter a guilty plea and wanted to proceed to trial. (Id. at 2-3).

On August 19, 2013, Movant entered a non-negotiated plea of guilt as to Counts One, Nine, and Ten.[3] (Plea with Counsel). At the plea hearing, the government stated

---

[3] At the time of Movant's plea hearing on January 11, 2013, three co-defendants had pleaded guilty. (See Minute Entries, ECF Nos. 107, 109, 111, 113). By August 19, 2013, Movant was the only remaining defendant who had not pleaded guilty. (See Minute Entries, ECF Nos. 164, 175).

7

that it had agreed to dismiss Count Eleven. (Tr. of Aug. 19, 2013, Plea Hr'g at 2, ECF No. 274). The Court reviewed the rights that Movant would be giving up by pleading guilty, and Movant stated that he understood. (Id. at 6-9). The government reviewed (1) the elements necessary to prove dealing in firearms without a license, possession of a stolen firearm, and possession of a firearm by a convicted felon and (2) the factual basis for the charges. (Id. at 9-12).

The evidence included Movant's criminal history of being a "multi-convicted defendant for drug and violent offenses, and [his being] potentially an armed career criminal." (Id. at 12). Movant stated that he did not disagree substantively but that he did not think he qualified as an armed career criminal. (Id. at 12-13). Counsel stated, "I do not have any issues with the substantive facts that have been presented by the Government. However, we do believe that – I take issue with the armed career criminal. I have explained to [Movant] that that is something that we can argue at sentencing . . . ." (Id. at 13). The government agreed that whether or not Movant was an armed career criminal did not impact the elements of the offenses to which he was pleading guilty and that his status as a career criminal could be addressed at sentencing. (Id.). The Court asked Movant, "And are you comfortable in proceeding

8

that way . . . , to reserve that issue to the point of sentencing?" (Id.). Movant responded, "Yes, ma'am." (Id.).

The government reviewed the possible punishment, which involved (1) a maximum five-year term for count one; (2) a maximum ten-year term for count nine; (3) a maximum life term and mandatory minimum fifteen-year term for count ten (possession of a firearm by a convicted felon), if Movant was found to be an armed career criminal; and (4) a maximum ten-year term, with no mandatory minimum, for count ten, if Movant was not found to be an armed career criminal. (Id. at 14). Movant acknowledged that the Court was authorized to impose the maximum punishment authorized by law. (Id. at 15).

> The Court specifically inquired as follows –
>
> [D]o you understand that there – even though your attorney intends to contest whether the criminal history that the Government is relying on here in Count 10 in treating you as an armed – your treatment here, there is – she's guaranteeing she's going to make that argument, but I cannot in any way speak to that. In other words, you may be in fact – at sentencing, I may well find that you had been convicted of at least one of the following felony offenses as identified in Count 10, and that could therefore result in the mandatory minimum of 15 years. If I made that finding, I have no authority to not impose the 15 years.

(Id. at 16).

9

Movant responded, "Yes, ma'am." (Id.). The Court asked whether anyone had made any representations or promises to Movant other than those that had been discussed at the hearing and whether anyone had used threat, pressure, force, or intimidation to get Movant to plead guilty. (Id. at 19). Movant answered, "No, ma'am" to both questions. (Id.). Movant confirmed to the Court that he was satisfied with his counsel's representation; that he had received sufficient time to discuss any question he might have in regard to his case and decision to plead guilty; and that there was nothing whatsoever, at that time, that he did not understand or that he wished to discuss with the Court or his counsel. (Id. at 20). Movant pleaded guilty, and the Court found –

> I have observed [Movant], the defendant in this case, and have considered his answers here today. On the basis of the record here and the record in the case as a whole, I find that his plea of guilty is knowingly, voluntarily and intelligently made, on the advice of competent counsel, and has a basis of fact that comprehends each and every element of the offenses charged to which he is pleading. I therefore accept [Movant's] guilty plea.

(Id. at 20-21).

At sentencing, during a discussion on whether Movant again wished to have new counsel appointed, Movant expressed dissatisfaction with the manner in which his prior counsel, Wooldridge, had explained why he should accept the ten-year plea deal.

(Sentencing Tr. at 7-8, ECF No. 255).  Movant asserted that Wooldridge never provided him with the government's evidence that "was the reason that they would be prosecuting me to this extent that I'd be facing 15 years when I only have been convicted of a nonviolent offense [involving] crack cocaine in South Carolina. Which, you know, he broke it down to me in certain terms where I understood it and he understood me as well.  But like I say, he wouldn't give me – provide me the – evidence and the motions to support this matter." (<u>Id.</u>).  The Court then inquired whether Movant had voluntarily entered into his plea when represented by King, and Movant responded, "Yes, ma'am." (<u>Id.</u> at 8).  Ultimately, to the extent Movant was seeking to change counsel, the Court denied the motion.  (<u>Id.</u> at 12).

In determining Movant's sentence, the Court applied the guidelines and found that Movant's guidelines range was 210 to 262 months.  (Sentencing Tr. at 120, ECF No. 256).  The Court imposed a sixty-month term on count one, a 120-month term on count nine and a 180-month (the fifteen-year statutory minimum) on count ten, to run concurrently, for a total 180-month term of imprisonment, below the guidelines range. (Sentencing Tr. at 123, 127).

As stated earlier, Movant now argues that counsel was deficient for failing to (1) convey the government's case against him, investigate his prior convictions, and

11

advise Movant that rejecting the government's ten-year plea offer would result in his being subject to an enhanced sentence under the ACCA based on his prior convictions and (2) that had counsel not been deficient he would have accepted the ten-year plea offer. (Mot. to Vacate at 6). Accordingly, Movant asserts that he should be re-sentenced to a lower prison term – construed as an argument that Movant should now receive the benefit of the ten-year plea offer. (Mot. to Vacate at 6).

Under the Sixth Amendment, a defendant has the right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him or her. Id. at 690-92; Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000) (stating that court may resolve an ineffective assistance claim based on either prong). Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In considering the validity of a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. . . . Solemn declarations in open court carry a strong presumption of verity." Winthrop-Redin v. United States, 767 F.3d 1210, 1216-17 (11th Cir. 2014) (alteration in original) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)) (internal quotation marks omitted). To succeed on a claim that counsel was ineffective in regard to a plea decision, a movant must show unprofessional error by counsel and that "the outcome of the plea process would have been different with competent advice." Lafler, 566 U.S. at 163 (stating that all parties agreed that counsel was deficient when he advised Lafler, based on an incorrect statement of the law, that he should reject the plea offer). "The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove 'serious derelictions' in his counsel's advice regarding the plea." Stano v. Dugger, 921 F.2d 1125, 1150-51 (11th Cir. 1991) (quoting McMann v. Richardson, 397 U.S. 759, 774 (1970)).

13

Movant's assertion that counsel failed to investigate his prior convictions and inform him on the possibility of a fifteen-year mandatory minimum on count ten if he rejected the ten-year deal on count nine does not show ineffective assistance such that his guilty plea is rendered invalid.[4]  At the January 11, 2013, plea hearing, it was apparent that Movant and Wooldridge were aware of Movant's prior convictions – which included four felony convictions for crack transactions – and that they were aware that Movant might qualify as an armed career criminal and face a mandatory minimum sentence.[5]  (See Tr. of Jan. 11, 2013, Plea Hr'g at 19).  The February 20, 2013, motion to appoint new counsel expresses Wooldridge's concern that Movant was facing a fifteen-year mandatory minimum if he did not take counsel's advice and accept the ten-year plea offer and his concern that Movant was having problems trusting and accepting the advice of counsel. (See Mot. to Appoint New Counsel at 2). Additionally, at the time Movant pleaded guilty in August 2013, the fifteen-year mandatory minimum on count ten was thoroughly discussed, and Movant did not

---

[4] Otherwise, Movant's non-specific argument that counsel failed to convey the government's case against him does not bring his plea decision into question because Movant does not identify what counsel failed to convey that reasonably could have changed his plea decision.

[5] Under the ACCA, § 924(e), the fifteen year mandatory minimum only potentially applied to count ten, a § 922(g) charge.

14

indicate or suggest that he had rejected the initial plea offer because he was unaware of the potential mandatory minimum on count ten. (See Tr. of Aug. 19, 2013, Plea Hr'g at 12-16). Movant, in fact, confirmed to the Court that there was nothing whatsoever, at that time, that he did not understand or that he wished to discuss with the Court or his counsel.[6] (Id. at 20). Additionally, Movant's statements at his sentencing indicate that Wooldridge had explained to him that he would be facing fifteen years but failed to provide him with evidence – sufficient to satisfy Movant – as to why he was being prosecuted to the extent that he would be facing fifteen years. (See Sentencing Tr. at 7-8). Moreover, at sentencing, although Movant expressed dissatisfaction with Wooldridge, Movant did not attempt to withdraw his guilty plea or assert that Wooldridge's prior representation in any way rendered his guilty plea invalid. Movant in fact confirmed to the Court that his guilty plea was voluntarily entered, (see id. at 8), which is supported by the record of the guilty-plea hearing, reviewed above. Movant's allegations are contradicted by the record and fail to show

---

[6]In light of the August 2013 guilty plea proceedings – and Movant's voiced belief that he was not an armed career criminal although the matter was fully discussed – it is less than clear that a different or more thorough explanation by Wooldridge would have caused Movant to be convinced, in January 2013, that he should be concerned about his exposure to a mandatory minimum on count ten. (See Tr. of Aug. 19, 2013, Plea Hr'g at 12-16).

15

a plausible claim that Wooldridge was deficient – seriously derelict – in regard to his advice to Movant on the risk of a fifteen-year mandatory minimum on count ten if Movant rejected the ten-year plea offer on count nine. Accordingly, it is recommended that this § 2255 motion be denied.

### IV. Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), cert. denied, _ U.S. _, 136 S. Ct. 324 (2015).

It is recommended that a COA is unwarranted because it is not debatable that Movant fails to show that he received ineffective assistance of counsel in regard to his

16

guilty plea. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [320] to vacate, set aside, or correct his federal sentence be **DENIED** and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 18th day of May, 2017.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE