# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH PORTER,<br>    Movant, | : | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:12-CR-0200-AT-JFK-6 |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CIVIL FILE NO. |
| | : | 1:16-CV-3635-AT-JFK |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's 28 U.S.C. § 2255 motion [Doc. 320]; the Magistrate Judge's Final Report and Recommendation, which recommends that the motion be denied and that a certificate of appealability ("COA") be denied [Doc. 331]; and Petitioner's objections [Doc. 335].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). The District Judge must "give fresh consideration to those issues to which specific objection has been made by a

party." *Jeffrey S. v. State Bd. of Educ. of Ga.,* 896 F.2d 507, 512 (11th Cir. 1990) (citation and internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## I. Discussion

### A. Background[1]

In a July 2012 superseding indictment, Movant was charged on four counts: (1) count one, dealing with firearms without a licence; (2) count nine, possession of a stolen firearm; (3) count ten, possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and (4) count eleven, a drug crime. (Superseding Indictment, Doc. 28.) Significantly for Movant, count ten exposed him to a fifteen-year sentence under the Armed Career Criminal Act (ACCA), § 924(e), which dictates the imposition of no less than fifteen years if a person who violates § 922(g) has three prior convictions for a violent felony or a serious drug offense, or both, committed on different occasions.

---

[1] The Court's summary of the proceedings reflects much of the Magistrate Judge's language in the Report and Recommendation, with adjustments as necessary for the purpose of *de novo* review.

AO 72A
(Rev.8/82)

On January 11, 2013, Movant, represented by Thomas Wooldridge, was set to plead guilty to count nine, with the government recommending a ten-year sentence. (*See* Tr. of Jan. 11, 2013, Plea Hr'g at 3, 8, 14-15, Doc. 276.) During the course of the hearing, the government reviewed the possible punishment, which involved a maximum ten-year term of imprisonment. (*Id.* at 11-13.) The government stated that it had agreed to dismiss the remaining counts and that the parties had agreed to recommend a ten-year term of imprisonment. (*Id.* at 15). The Court asked Movant if, other than the promises in the plea agreement, other representations had been made to get him to plead guilty. (*Id.* at 16.) Movant stated that he had understood that he was agreeing to a ten-year cap, not a mandatory ten years. (*Id.* at 16-17.) Mr. Wooldridge stated that he had explained to Movant that under the plea agreement a sentence of less than ten years was possible, but not likely. (*Id.* at 17.) The Court encouraged Mr. Wooldridge and Movant to discuss the issue, and after a pause in the proceedings, Mr. Wooldridge asked for the plea hearing to be adjourned and informed the Court as follows –

> [T]he problem is that in his mind, a 10 year, it means 10 years and there's no chance. And what I've been trying to explain to him is that there is always the opportunity, with an incredible amount of cooperation, that he [could] go less than that. And Your Honor has – with a non-binding plea, has the power, if you deem it right, to go less than 10.

AO 72A
(Rev.8/82)

(*Id.* at 18-19.) Mr. Wooldridge explained that Movant was having a hard time with the language of the plea agreement because of his past legal experiences –

> [Movant] had an awful experience with a state attorney where he pled to four separate felony convictions . . . . [Movant] has four felony convictions on his record for . . . crack cocaine from many years ago. And with those convictions, he may qualify as armed career and face all sorts of heightened levels of mandatory minimum sentences. And, so, . . . he's having a hard time with the language of the plea agreement.

(*Id.* at 18-19.) The hearing was adjourned. (Minute Entry, Doc. 113.)

A hearing again was set on February 5, 2013, for Movant to tender a guilty plea. (*See* Tr. of Feb. 5, 2013, Plea Hr'g, Doc. 277.) However, the hearing was adjourned after Movant received a warrant for his arrest based on his violation of the conditions of his bond. (*Id.* at 2-3, 7-8.)

A hearing again was set on February 20, 2013, for Movant to tender a guilty plea but was canceled on the day of the scheduled hearing. (Notices of 2/12/2013 and 2/20/2013.) On that same day, February 20, Movant, by and through Mr. Wooldridge, filed a motion for the appointment of new counsel. (Mot. to Appoint New Counsel at 1-2, Doc. 122.) Mr. Wooldridge provided the following reasons for the motion: (1) Movant has had significant problems trusting and accepting counsel's advice; (2) "[Movant] has indicated that he wants new counsel because his current attorney is 'ineffective'"; (3) "[w]hile undersigned does not agree with [Movant's] rationale for seeking a new attorney, undersigned admits that the relationship might

4

be frayed beyond repair"; (4) "[Movant] does not believe the evidence has been made available to him and he does not believe undersigned attorney has his best interests at heart"; (5) "[Movant] has stopped all meaningful communication with counsel"; and (6) "[u]ndersigned counsel is worried that the issues between [Movant] and undersigned will lead to an unduly large sentence for [Movant] . . . because [Movant] likely qualifies as an Armed Career Offender and is looking at a 15 year mandatory minimum if he does not take counsel's advice regarding the plea deal which is capped at 10 years." (*Id.* at 1-2.)

At the hearing to address the motion before Magistrate Judge Janet F. King, the Court gave Movant and Mr. Wooldridge an opportunity to address whether they wished to follow through with the motion and cautioned Movant that the Court would not readily appoint new counsel again in the future. (Minute Entry, Doc. 131 (Tape).)[2] Mr. Wooldridge stated that the government had withdrawn its offer, that he thought the government had lost faith in his ability to obtain an acceptance of the offer, and that he hoped that with the appointment of new counsel Movant might obtain a new offer. (*Id.*). The Court allowed Movant an opportunity to speak, and Movant expressed no opposition and informed the Court that he had no questions. (*Id.*) The motion to withdraw was granted. (*Id.*)

---

[2] A sealed copy of the tape shall be filed as an exhibit to this Order.

AO 72A
(Rev.8/82)

Subsequently, Ethenia F. King was appointed to represent Movant. (Order of CJA Appointment, Doc. 134.) A hearing was set for August 13, 2013, for Movant to tender a guilty plea, represented by King. (Tr. of Aug. 13, 2013, Plea Hr'g at 3, Doc. 285.) Movant, however, informed the Court at the hearing that he had decided not to enter a guilty plea and wanted to proceed to trial. (*Id.* at 2-3.)

On August 19, 2013, Movant entered a non-negotiated guilty plea on Counts One, Nine, and Ten.[3] (Plea with Counsel, Doc. 178-1.) At the plea hearing, the Court reviewed the rights that Movant would be giving up by pleading guilty, and Movant stated that he understood. (Tr. of Aug. 19, 2013, Plea Hr'g at 6-9, Doc. 274.) The government reviewed (1) the elements necessary to prove dealing in firearms without a license, possession of a stolen firearm, and possession of a firearm by a convicted felon and (2) the factual basis for the charges. (*Id.* at 9-12.)

The evidence included Movant's criminal history of being a "multi-convicted defendant for drug and violent offenses, and [his being] potentially an armed career criminal." (*Id.* at 12.) Movant stated that he did not disagree substantively but that he did not think he qualified as an armed career criminal. (*Id.* at 12-13.) Counsel stated, "I do not have any issues with the substantive facts that have been presented by the Government. However, we do believe that – I take issue with the armed career

---

[3] At the time of the initial offer and January 11, 2013 hearing, three co-defendants had pleaded guilty. (*See* Minute Entries, ECF Nos. 107, 109, 111, 113.) By August 19, 2013, Movant was the only remaining defendant who had not pleaded guilty. (*See* Minute Entries, ECF Nos. 164, 175.)

AO 72A
(Rev.8/82)

criminal. I have explained to [Movant] that that is something that we can argue at sentencing . . . ." (*Id.* at 13.) When questioned by the Court, Movant stated that he was comfortable reserving the issue for sentencing. (*Id.*) The government reviewed the possible punishment, which included a maximum life term and mandatory minimum fifteen-year term for count ten, if Movant was found to be an armed career criminal. (*Id.* at 14.) Movant acknowledged that the Court was authorized to impose the maximum punishment authorized by law. (*Id.* at 15.) The Court accepted Movant's guilty plea. (*Id.* at 20-21.)

At sentencing, during a discussion on whether Movant again wished to have new counsel appointed, Movant expressed dissatisfaction with the manner in which his prior counsel, Mr. Wooldridge, had explained why he should accept the ten-year plea deal. (Sentencing Tr. at 7-8, Doc. 255.) Movant asserted that Mr. Wooldridge never provided him with the government's evidence that "was the reason that they would be prosecuting me to this extent that I'd be facing 15 years when I only have been convicted of a nonviolent offense [involving] crack cocaine in South Carolina. Which, you know, he broke it down to me in certain terms where I understood it and he understood me as well. But like I say, he wouldn't give me – provide me the – evidence and the motions to support this matter." (*Id.*) The Court inquired whether Movant had voluntarily entered into his plea when represented by King, and Movant responded, "Yes, ma'am." (*Id.* at 8.) The Court imposed a sixty-month term on count

AO 72A
(Rev.8/82)

one, a 120-month term on count nine and a 180-month (the fifteen-year statutory minimum) on count ten, to run concurrently, for a total 180-month term of imprisonment, below the guidelines range of 210 to 262 months. (Sentencing Tr. at 120, 123, 127, Doc. 256.)

## B. Movant's § 2255 Motion

Movant now collaterally challenges his convictions and sentences on two grounds: (1) Mr. Wooldridge was deficient for failing to convey the government's case against him, investigate Movant's prior convictions, and advise Movant that rejecting the government's ten-year plea offer would result in his being subject to an § 924(e) ACCA enhancement based on those convictions and, (2) but for Mr. Wooldridge's deficiency, he would have accepted the ten-year plea offer. (Mot. to Vacate at 5, Doc. 320.) Movant asserts that under *Lafler v. Cooper*, 566 U.S. 156, 174 (2012) (holding that court should order state to re-offer plea when ineffective assistance of counsel causes nonacceptance of plea offer and a less favorable outcome), he should be re-sentenced to a lower prison term, i.e., the ten-year term he originally was offered. (Mot. to Vacate at 6.)

The Magistrate Judge found (1) that Movant and Mr. Wooldridge were aware at the initial January 11, 2013, plea hearing, of Movant's four felony convictions for crack transactions and aware that Movant might qualify as an armed career criminal and (2) that the record demonstrated that Mr. Wooldridge had advised Movant that

8

if he did not accept the plea offer he would be exposed to a fifteen-year sentence but that Mr. Wooldridge had failed to convince Movant. (R&R at 14-15, Doc. 331.) The Magistrate Judge determined that Movant's allegations failed to state "a plausible claim that Mr. Wooldridge was deficient – seriously derelict – in regard to his advice to Movant on the risk of a fifteen-year mandatory minimum on count ten if Movant rejected the ten-year plea offer on count nine." (*Id.* at 15-16.) Further, the Magistrate Judge found –

> In light of the August 2013 guilty plea proceedings – and Movant's voiced belief that he was not an armed career criminal although the matter was fully discussed – it is less than clear that a different or more thorough explanation by Wooldridge would have caused Movant to be convinced, in January 2013, that he should be concerned about his exposure to a mandatory minimum on count ten.

(*Id.* at 15 n.6.) The Magistrate Judge also determined that Movant's allegations did not bring into question the validity of the guilty plea which he eventually did take. (*Id.* at 15.) Accordingly, the Magistrate Judge recommends that the § 2255 motion and a COA be denied. (*Id.* at 17.)

Movant objects to the Magistrate Judge's recommendation and asserts that Mr. Wooldridge was ineffective because he withdrew when Movant did not understand the distinction between a sentence cap and a mandatory sentence. (Objections at 2, Doc. 335.)[4] Movant contends that Mr. Wooldridge's withdrawal amounted to

---

[4] Movant also states that he never received a copy of Respondent's answer-response but does not raise any argument based on his failure to receive a copy. (Objections at 2.)

AO 72A
(Rev.8/82)

abandonment and resulted in the government withdrawing the ten-year plea offer, superseding the indictment,[5] and insisting on proceeding with the § 924(e) charge, which subjected Movant to a mandatory fifteen-year sentence under § 924(e). (*Id.* at 2-3 (referring to the Court's Supplemental Memorandum Regarding Sentencing at docket entry 240).) Movant asserts that, but for Wooldridge's withdrawal and communication difficulties between he and Wooldridge, he would have accepted the ten-year plea offer. (*Id.* at 3.) Movant asserts that he should now receive the benefits of that offer. (*Id.*)

Under the Sixth Amendment, a defendant has the right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. *Id.* at 690-92; *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000) (stating that court may resolve an ineffective assistance claim based on either prong). Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "[C]ounsel's conduct is presumed reasonable, [and] a petitioner must establish that no competent

---

[5] The record shows that the superseding indictment was filed on July 17, 2012, *before* Movant, represented by Mr. Wooldridge, initially was set to plead guilty on January 11, 2013. (*See* Superseding Indictment.) The record shows no other superseding indictment.

AO 72A
(Rev.8/82)

counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir.2000) (en banc). Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Counsel has a duty to communicate formal plea offers and is deficient if he fails to do so. *Missouri v. Frye*, 566 U.S. 133, 145 (2012). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel . . . [and] a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . . ." *Id.* at 147; *see also Lafler*, 566 U.S. at 174.

It is apparent that Movant had a difficult time communicating with Mr. Wooldridge, perhaps compounded by Movant's underlying distrust of the criminal justice system and the fact that he was potentially facing career offender classification based on drug offenses that involved relatively minor – $20 and $40 – transactions. (Suppl. Mem. at 5 n.6, ECF No. 240). However, the record does not show that Mr. Wooldridge unilaterally withdrew and effectively abandoned Movant. It was an

AO 72A
(Rev.8/82)

action in which Movant concurred, and the Court cannot find that Mr. Wooldridge was deficient for seeking to withdraw in the hope that new counsel would be able to obtain a new plea offer and convince Movant to accept it.

Although Mr. Wooldridge and Movant experienced difficulty communicating, the record does not support a finding that Mr. Wooldridge was deficient in advising Movant. The record shows that Mr. Wooldridge informed Movant about the plea offer that would have allowed Movant to avoid exposure to a fifteen-year sentence under count ten and that Mr. Wooldridge warned Movant about exposure to a fifteen-year sentence under count ten. Movant does not contend that Mr. Wooldridge presented *incorrect* advice but that he did not fully comprehend Mr. Wooldridge's presentation of *correct* advice. (Doc. 335 at ¶5.) Although Mr. Wooldridge could perhaps have been more explicit in explaining the risk of exposure to count ten and a fifteen-year mandatory minimum if Movant did not plead guilty to count nine, the record does not support a finding that no competent counsel would have provided the advice that Mr. Wooldridge provided or in the manner that he did.

As the parties are aware, the Court previously expressed its concern that Movant was exposed under § 924(e) to a fifteen-year mandatory minimum based on prior drug transactions/convictions for which he had received less than $100. Also concerning was the government's insistence in this case on pursuing a somewhat less-than-robust § 924(e) charge – after appointment of new counsel for a defendant who

AO 72A
(Rev.8/82)

had communication problems with his prior counsel and who had failed to accept an offer that excluded the § 924(e) charge. Although the Court does not downplay these concerns, they do not rise to the high threshold for throwing into question the constitutionality of Movant's sentence or Mr. Wooldridge's representation.

On *de novo* review, the Court finds the Magistrate Judge's recommendation that the motion be denied is legally correct and based on the record presented. Therefore, the Magistrate Judge's Report and Recommendation shall be adopted.

## II.  Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's objections [Doc. 335] are **OVERRULED** and that the Magistrate Judge's Final Report and Recommendation [Doc. 331], as reviewed herein, is **ADOPTED** as the Order of the Court.

**IT IS ORDERED** that the motion to vacate [Doc. 320] is **DENIED** and that a certificate of appealability is **DENIED**.

The Clerk of Court is **DIRECTED** to file a copy of the taped hearing at docket entry 131 (a copy of which accompanies this Order) as a sealed exhibit to this Order.

**IT IS SO ORDERED and DIRECTED**, this 17th day of August, 2017.

AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)